UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY BEAUVIOR and HUSBENE BEAUVIOR
on behalf of themselves and
all other similarly situated consumers

                          Plaintiffs,

     -against-

DAVID M. ISRAEL

                          Defendant.
------------------------------------------------------------X

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiffs Gary Beauvior and Husbene Beauvior seek redress for the illegal practices of David M. Israel in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are a consumers as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt purportedly owed to The Brooklyn Union Gas Company d/b/a National Grid New York.

5. Upon information and belief, Defendant's principal place of business is located within New York, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

*Allegations Particular to Husbene and Gary Beauvior*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. On or about April 23, 2012, Defendant sent the Plaintiffs a collection letter seeking to collect a balance allegedly incurred for personal purposes. A true copy of the letter dated April 23, 2012 is attached hereto as Exhibit 1.

12. Said letter did not include the required thirty day time period for disputing the debt rendering the validation notice ineffective in violation of 1692g(3), 1692g(4), and 1692g(5).

13. Validation of debts [15 USC 1692g] states:

   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) **the amount of the debt**;

(2) the name of the creditor to whom the debt is owed;

(3) **a statement that unless the consumer, within thirty days after receipt of the notice,** disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) **a statement that if the consumer notifies the debt collector in writing within the thirty-day period** that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) **a statement that, upon the consumer's written request within the thirty-day period**, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14. Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

15. "Importantly, the FDCPA does not assume that the recipient of a collection letter is aware of h[is] right to require verification of the debt. Instead, the statute requires the debt collector to inform the debtor of his rights by sending him a `validation notice' with the initial dunning letter (or within 5 days thereafter)." *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060,1064(D. Minn. 2008).

16. One of the reasons for requiring notice is to "ensure that debt collectors [give] consumers adequate information concerning their legal rights." S*wanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir.1988), quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17 News 1695, 1702. However, if the consumer fails to contact the debt collector within 30 days these rights are lost forever. Id. It is therefore in the interest of an unscrupulous debt collector to not actually alert the consumer to his or her rights.

17. Overshadowing occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the communication would mislead the least sophisticated debtor and encourages him to disregard his rights. *Terran v. Kaplan*,109 F.3d 1428, 1432 (9th Cir.1997); see also *Voris v. Resurgent Capital Services, L.P.*, 494 F. Supp. 2d 1156,1163 (S.D.Cal. 2007). see also *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996). A notice is overshadowing or contradictory if least sophisticated consumer would be confused as to the consumer's rights.

18. Thus, it makes sense that under the FDCPA, notice of the thirty-day validation period is mandatory, but is not, under every circumstance, sufficient to satisfy § 1692g(a); a debt collector must "effectively convey" the notice to the debtor. *Smith v. Computer Credit, Inc.*, 167 F. 3d 1052, 1054 (6th Cir. 1999).

19. To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard. The FDCPA is to be interpreted in accordance with the "least sophisticated debtor" standard. See *Clark Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir.2006).

20. The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith*, 167 F.3d at 1054, quoting *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)).

21. In this case, when confronted with David M. Israel's letter threatening to take any action to fullest extent of the law and requesting payment in full to be remitted immediately.

22. A demand for payment or action by the consumer within a time less than the disclosed thirty-day validation period contradicts § 1692g(a) and thus violates the Act. See *U.S. v. National Financial Services*, 98 F.3d 131, 139 (4th Cir.1996); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2nd Cir.1996); *Miller v.Payco-General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1226 (9th Cir. 1988).

23. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

24. The said collection letter also states in pertinent: "My client has referred the above-described claim to me for purposes of collection of the debt in the amount set forth above…"

25. No amount of debt appears on the said letter in violation of 1692g(1).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

26. Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs one (1) through twenty-five (25) as if set forth fully in this cause of action.

27. This cause of action is brought on behalf of Plaintiffs and the members of a class.

28. The class consists of all person*s* whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiffs, sent within one year prior to the date of the within complaint concerning The Brooklyn Union Gas Company d/b/a National Grid New York (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(10),1692g, 1692g(1), 1692g(3), 1692g(4), and 1692g(5).

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff' interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

33. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiffs, respectfully request that this Court enter judgment in their favor and

against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.1692(k);

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, NY
      March 6, 2013

**Levi Huebner & Associates, PC**

/ s / Levi Huebner
_____

By:   Levi Huebner (LH1360)

478 Malbone Street, Suite 100
Brooklyn, NY  11225
Phone:     (212) 354-5555
Facsimile:  (347) 350-8789

*Attorneys for Plaintiffs*
Husbene Beauvior & Gary Beauvior

Plaintiff requests trial by jury on all issues so triable

/ s / Levi Huebner
_____

By:   Levi Huebner (LH1360)

8

**EXHIBIT 1**

**DAVID M. ISRAEL**
ATTORNEY AT LAW
111 JOHN STREET
SUITE 1115
NEW YORK, N.Y. 10038

TEL: (212) 514-5000
FAX: (212) 514-5004

April 23, 2012

Husbene Beauvoir
10 Paerdegat 7th Street
Brooklyn, NY 11236
"Personal & Confidential"

Gary Beauvoir
10 Paerdegat 7th Street
Brooklyn, NY 11236
"Personal & Confidential"

Re: The Brooklyn Union Gas Company d/b/a National Grid New York
& Husbene Beauvoir & Gary Beauvoir
National Grid Bypass File Number: 00090/47098
National Grid's Attorney File Number: BUG 18595

Dear Husbene Beauvoir & Gary Beauvoir,

Please be advised that I am an attorney and that I represent The Brooklyn Union Gas Company d/b/a National Grid New York, the original creditor with respect to the above-described matter. My client has referred the above-described claim to me for purposes of collection of the debt in the amount set forth above, based upon the consumption of unmetered gas at the above stated location. I have annexed my client's invoice to this letter.

If you do not respond to this letter and do not dispute all or a portion of the debt, my client and I shall assume that the debt is valid and we now believe it is. However, if you communicate with this office, in writing, and dispute all or a portion of the debt, I shall obtain and provide you with verification of the claim, or a copy of the judgment, if applicable, and mail it to you, within five (5) days from my receipt of your request. If you so dispute all or a portion of this claim, my office shall cease collection of the debt, or any disputed portion thereof, until I provide you with verification of the debt, or the name and address of the original creditor, as applicable.

I urge you or your attorney to contact my office as soon as possible. If you wish to make an arrangement for the payment of the debt, in lump sum, or in reasonable and appropriate installments, please contact my office at once. This office reserves the right to immediately commence legal action with respect to this matter.

1

     **PLEASE NOTE THAT MY LAW OFFICE, INCLUDING THE UNDERSIGNED AND STAFF, ARE ACTING ON BEHALF OF OUR CLIENT TO COLLECT A DEBT AND ANY INFORMATION THAT THIS OFFICE OBTAINS WILL BE USED FOR THAT PURPOSE.**

                                      Very truly yours,

                                        DAVID M. ISRAEL

Enclosure
DMI/df

2

## **VERIFICATION**

Gary Beauvior being duly sworn, deposes and says pursuant to 28 U.S.C. § 1746:

I am the Plaintiff in the within action. I have read the foregoing Verified Complaint, that the same is true to my knowledge, except as to those matters therein stated to be upon information and belief, and as to those matters I believe them to be true.

/ s / Gary Beauvior
_____
Gary Beauvior

Affirmed:    Brooklyn, New York
             March 6, 2013

Affirmed to before me this
6th day of March, 2013

/ s / Paul Huebner
_____
Notary Public

Paul Huebner
Notary Public, State of New York
No. 02HU6157168
Qualified in Kings County
Commission Expires Dec. 4, 2014

9