UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GARY BEAUVIOR and HUSBENE BEAUVIOR     Index No. 13-CV-01236
on behalf of themselves and all other similarly     (FB)(RML)
situated consumers,

                     Plaintiffs,

    -against-

DAVID M. ISRAEL,
                     Defendant.
----------------------------------------------------------------X


## SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS


**Levi Huebner & Associates, PC**
478 Malbone Street, Suite 100
Brooklyn, NY  11225
Phone:     (212) 354-5555

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF RELEVANT FACTS .........................................................................1

DEFENDANT'S CONTINUED MISREPRESENTATION OF RELEVANT FACTS AND UNSUPORTED ALLEGATIONS MAY NOT BE CONSIDERED……………….......................2

POINT I

THE DEBT UPON WHICH THIS LAWSUIT IS BASED DOES FALL UNDER THE PURVIEW OF THE FDCPA ........................................................................................3

    a. The Dispute Regarding the Nature of the Debt Cannot Be Resolved by a Motion to Dismiss……………………………………………………………………………….3

    b. The Nature of the Debt is Not Defined by the Cases cited by Defendant..........................6

POINT II

THE COURT MAY CONSIDER MATTERS OF PUBLIC RECORD IN RULING ON A RULE 12(B)(6) MOTION, INCLUDING COURT RECORDS, OR MATTERS OF WHICH JUDICIAL NOTICE MAY BE TAKEN......................................................................................7

CONCLUSION .............................................................................................................9

## PRELIMINARY STATEMENT

This sur-reply[1] memorandum of law is submitted in response to the Defendant's reply memorandum of law dated October 3, 2013 (the "RMOL") and in further opposition to the motion of defendant, David M. Israel ("Defendant" or "Mr. Israel"), seeking an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), dismissing the complaint of plaintiffs, Gary Beauvior ("Mr. Beauvoir") and Husbene Beauvior ("Mrs. Beauvoir") and/or collectively ("Plaintiffs" or the "Beauvoirs").[2]

The underlying debt was incurred primarily for personal, family or household purposes, as required under the FDCPA. *See, ¶¶ 3-4 of the Complaint*. Therefore, it is respectfully submitted that the Defendants motion should be denied in its entirety.

## STATEMENT OF RELEVANT FACTS

The within sur-reply memorandum of law respectfully refers this Court to the "Statement of Relevant Facts" in Plaintiffs' memorandum of law dated September 3, 2013 (the "MOL")[3].

---

[1] By order dated October 7, 2013 this Court allowed Plaintiffs to submit a sur-reply.

[2] Plaintiffs' last name in the caption of this lawsuit is misspelled as "Beauvior," whereas in the underlying matter upon which this action is based, all real estate instruments and correspondence with Mr. Israel spell the last name as "Beauvoir."

[3] Plaintiffs respectfully refer this Court to the documents annexed to Plaintiffs declaration dated September 3, 2013: the "Complaint" attached as Exhibit 1, the "Invoice" attached as Exhibit 2 and the "Letter" attached as Exhibit 3. Additionally, Plaintiffs respectfully refer this Court to the documents annexed to the Defendant's motion dated July 24, 2013: the "Report" attached as exhibit 2, the "Verified Complaint" in the "Underlying Matter" attached as exhibit 3 and the "Verified Answer" in the Underlying Matter attached as exhibit 4.

1

## DEFENDANT'S CONTINUED MISREPRESENTATION OF RELEVANT FACTS AND UNSUPPORTED ALLEGATIONS MAY NOT BE CONSIDERED

Defendant in his RMOL alleges that the Letter "sought restitution . . . because Plaintiffs interfered with the meter's recording device" see page 2 ¶ 2 and page 8 ¶ 2 of the RMOL. However, the Letter and the annexed Invoice does not accuse the Beauvoirs of any wrongdoing or of tampering with the meter.

The foregoing bald allegations cannot be considered because they are unsupported by the facts. Moreover, they are contradicted by the Defendant who asserts that "the April Letter sought only compensation for Plaintiffs use of unmetered gas" see page 3 ¶ 2 of the RMOL and the wherein the Defendant asserted that "the April Letter only seeks compensation based upon unmetered gas" see page 9 ¶ 1 of the RMOL.

In sum, the foregoing unsupported, contradicted and disputed allegations of Defendant may not be considered at all let alone in a motion to dismiss.

Defendant alleges "Plaintiffs never even protested the unmetered gas invoice to the Public Service Commission, which has primary subject matter jurisdiction for billing disputes of any kind and nature between National Grid and the consumers of its gas, whether metered or unmetered". However, this allegation was made in ¶ 14 of the Verified Complaint and denied by the Beauvoirs in their Verified Answer see ¶ 1 of the Verified Answer wherein the Beauvoirs specifically deny the foregoing allegation.

Thus, the foregoing unsupported and disputed allegations may not be considered at all let alone in a motion to dismiss.

# POINT I

## THE DEBT UPON WHICH THIS LAWSUIT IS BASED DOES FALL UNDER THE PURVIEW OF THE FDCPA

Here, it is undisputed that the Beauvoirs reside at the Premises and that the gas supplied by National Grid is used primarily for the heating, hot water, cooking, and a dryer of the Beauvoirs.

Thus, pursuant to *§ 1692a(5)* the Beauvoirs debt for unmetered gas which was *primarily for personal, family, or household purposes* is a debt under the FDCPA. (emphasis added).

### a. The Dispute Regarding the Nature of the Debt Cannot Be Resolved by a Motion to Dismiss

The undersigned sincerely apologizes to this Court and to counsel for Defendant for the editing error in Plaintiffs' MOL which resulted in misquoting of *Rochester Gas & Elec. Corp. v. Greece Park Realty Corp.*, 195 A.D.2d 956, 957, 600 N.Y.S.2d 985, 1993 N.Y. App. Div. (N.Y. App. Div. 4th Dep't 1993).

However, regardless of the editing error, Defendant suffered no prejudice due to same because the proposition asserted by Plaintiffs for which *Rochester* stands remains unchanged.

*Rochester* stands for the proposition that when the nature of the debt is in dispute between a public utility and its customer in determining whether the obligation is a debt for FDCPA purposes requires an examination of whether the transaction was one of erroneous faulty billing or not and thus, the nature of the debt cannot be resolved by a motion to dismiss.

The court in *Rochester* held that billing for unmetered service by a public utility is controlled by statue pursuant to the New York Public Service Law § 65 (PSL § 65) and the New York State Public Service Commission Rules ("NYCRR"). In Rochester the appellate division

3

held that "pursuant to PSL § 65 plaintiff is obligated to collect full compensation for electric service" and that "the [public service commission] may limit the extent of plaintiff's recovery" *Rochester* at 957.

Moreover, the court in *Rochester* held that "because of those issues of fact, the motions for summary judgment were properly denied. Moreover, the amount that plaintiff may recover for the appropriate period is also an issue for the finder of fact" *Id* at 957.

The court in *Rochester* held that when the nature of the debt is in dispute in determining whether an obligation is a contractual obligation (i.e. as in this case for FDCPA purposes) requires an examination of whether the transaction was one of erroneous faulty billing or not.

The FDCPA is concerned with the actual substance of the transaction as opposed to any framed allegations. The court in *Rochester* held that "questions of fact preclude summary judgment dismissing plaintiff's cause of action for unjust enrichment and the fraudulent obtaining of electrical service" *Rochester* at 957.

Here, at best there is a genuine issue of material fact as to whether the debt incurred by the Beauvoirs was the subject of an erroneously billed contractual transaction, or a tampered meter. The Defendant admits that the state court has not determined the nature of the debt. This fact issue as to the nature of this debt mandates the motion to dismiss premature as a matter of law and accordingly the Defendant's motion to dismiss must be denied.

Here, as in *Rochester*, the amount the Beauvoirs allegedly owe the creditor arising from the consumption of "improperly billed" gas is an issue for the trier of fact because the obligation of the Beauvoirs to pay National Grid is not a matter of tort liability, rather, it is imposed by the ongoing gas bill invoices (i.e. the Invoice) and by statute. Thus, at this juncture the debt is clearly within the meaning of the FDCPA.

4

PSL § 65 and NYCRR are applicable to gas and electric corporations and service to gas or electric customers thus, though the dispute in Rochester was regarding an electric utility and its customer, Rochester is equally applicable to the within matter where the debt is between a gas utility and its customer.

The New York State Public Service Commission Rules NYCRR 11.14(e) is as follows:

> No utility may render a bill for previously unbilled service or adjust upward a bill previously rendered to a residential customer after the expiration of 24 months from the time the service to which the new billing or adjustment pertains was provided unless the *culpable conduct* of the customer *caused or contributed* to the failure of the utility to render a timely or accurate billing (emphasis added)

Pursuant to NYCRR 11.14(e) the standard for determining whether the utility may back bill a residential customer for more than 24 months is whether the *culpable conduct* of the customer *caused or contributed* to the failure of the utility to render a timely or accurate billing. Thus, before National Grid may back-bill more then 24 months, it must be determined whether the Beauvoirs *caused or contributed* to the failure of the utility to render a timely or accurate billing.

Moreover, NYCRR 11.14(a), (b) and (d) is as follows:

> No utility shall charge a residential customer for service rendered more than six months prior to the mailing of the first bill for service to the residential customer unless the failure of the utility to bill at an earlier time was not due to the *neglect of the utility* or was due to the *culpable conduct* of the customer . . .
>
> (b) A utility may not adjust upward a bill previously rendered to a residential customer after 12 months from the time the service to which the adjustment pertains was provided unless:
>
> (1) failure to bill correctly was caused by the *customer's culpable conduct*;
>
> (2) failure to bill correctly was not due to the *neglect of the utility*; (emphasis added)

5

>   (d) A utility adjusting any charge for service rendered 12 or more months prior to the date of issuance shall include with the bill a notice giving the reason for the adjustment.

Pursuant to NYCRR 11.14 the standard for determining whether the utility may back bill a residential customer for more than 24 months is if the failure was not due to the *neglect of the utility* or was due to the *culpable conduct* of the customer. Thus, before National Grid can back-bill over 24 months, it must be determined whether the failure of the utility to render a timely bill at an earlier time was due to *neglect of the utility*.

Interestingly, here National Grid had to read the Beauvoirs meter every month in order to render a gas bill to the Beauvoirs. This raises the question why National grid did not discover or rectify and alleged problem with the Beauvoirs meter and or billing for the six years in question.

Moreover, pursuant to NYCRR 11.14 even if the Beauvoirs committed no *culpable conduct* National Grid could back bill 24 months.

### b. The Nature of the Debt is Not Defined by the Cases Cited by Defendant

At best there is a genuine issue of material fact as to whether the debt allegedly incurred by the Beauvoirs was the subject of an erroneously billed contractual transaction, or a tampered meter. Moreover, it is possible that the back billing for the "consumption of unmetered gas" (see the Letter) was due to the *neglect of the utility*. Additionally, even if the Beauvoirs were not culpable for any wrongdoing National Grid would still be allowed to back bill 24 months.

Additionally, Defendant's reliance on *Directv, Inc. v. Cavanaugh,* 321 F.Supp.2d 825 (E.D. Mich. 2003) and *Coretti v. Lefkowitz,* 965 F.Supp.3 (D. Conn. 1997) is inapplicable to the within matter and they do not define the nature of Plaintiffs' debt.

6

*Directv* and *Coretti* involved disputes between cable companies and their subscribers. The subscribers were being pursued for using piracy devices and illegal decoding devices. The subscribers were accused of illegally obtain services for which they had no contract and of which they obtained *exclusively* through theft. The cable companies were *exclusively* pursing actions for theft where no contractual relationship existed between the cable companies and the subscribers for the illegally obtained cable reception. In *Directv* and *Coretti* it is without question that the cable companies were not attempting to collect debts based on contractual obligations. Thus, even if the subscribers were wrongly accused and did not have piracy devices and or illegal decoding devices then at best they could not be pursued for theft and they would not be liable to the cable companies for damages.

However, here it is without question that National Grid is attempting to collect a debt from the Beauvoirs which could be based on a contractual obligation and that National Grid is entitled to back bill 24 months pursuant to NYCRR 11.14 even if the Beauvoirs have no *culpable conduct*.

## POINT II

**THE COURT MAY CONSIDER MATTERS OF PUBLIC RECORD IN RULING ON A RULE 12(B)(6) MOTION, INCLUDING COURT RECORDS, OR MATTERS OF WHICH JUDICIAL NOTICE MAY BE TAKEN**

The Defendant's complain that "Mrs. Beauvoir did not submit a declaration in opposition to Defendant's motion" and that "Mr. Beauvoir submits a declaration wherein he disputes the amount of the gas usage set forth in the invoice and proclaims in a conclusory manner that he did not interfere with the gas meter" see page 1 and 2 of the RMOL.

Attached as exhibit 3 and 4 to the Defendant's motion are the Verified Complaint and the Verified Answer in the Underlying Matter of which this Court may consider and may take

7

judicial notice. In ¶¶ 8, 12, and 23 of the Verified Complaint Defendant alleges that the Beauvoirs tampered with the meter. However, in ¶ 1 of the Verified Answer the Beauvoirs deny tampering with the meter and denied the accuracy of the back billing by National Grid.

Thus, even if the Beauvoirs failed to submit a Declaration their denial of National Grid's allegations of meter tampering and their denial of the veracity of the National Grid's back billing is a matter of public record of which this court may take judicial notice. Furthermore, National Grid is a public utility and thus the fact that National Grid maintains two separate accounts for which it bills at the Beauvoirs residence is a matter of public record of which this Court may take judicial notice.

Moreover, the Defendant complains that the Invoice was not attached to the Complaint and that it is "irrelevant to the instant lawsuit". However, the Invoice is also a matter of public record as same is attached to the Verified Complaint in the Underlying Matter and thus, this Court may take judicial notice of the Invoice. Furthermore, Defendant's claims of irrelevancy are belied by the Invoice. Without repeating the arguments in Plaintiff's MOL in part the Invoice contains the following language: "billing period from 10/25/05 to 09/07/11" and that "This is an estimated bill calculated according to a degree day formula and/or equipment utilizing unmetered gas".

Thus, National Grid in its own language in the Invoice in the Underlying Matter admits that the Invoice is "an estimated bill" further evidencing that amount of the debt of the Beauvoirs is in dispute and thus, a triable issue of fact.

Interestingly, the only document which this Court may not consider is the Report submitted by Defendant.

8

This Court may consider matters of public record in ruling on a Rule 12(B)(6) motion, including court records, or matters of which judicial notice may be taken. *See Day v. Moscow*, 955 F.2d 807, 22 Fed. R. Serv. 3d 425 (2d Cir. 1992); *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263 (S.D. N.Y. 2005) (McMahon, J.); *G-I Holdings, Inc. v. Baron & Budd, R.I.C.O. Bus. Disp. Guide* (CCH) P 10458, 2003 WL 193502 (S.D. N.Y. 2003) (Sweet, J.); *Debora v. WPP Group PLC*, 1994 WL 177291 (S.D. N.Y. 1994) (Duffy, J.) [referring to affidavit filed with court in prior motion for class action certification]. *See also Samuels v. Air Transport Local* 504, 992 F.2d 12, 143 L.R.R.M. (BNA) 2177, 125 Lab. Cas. (CCH) P 10650, 25 Fed. R. Serv. 3d 958 (2d Cir. 1993); *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150, 19 U.C.C. Rep. Serv. 2d 1148 (2d Cir. 1993); *Tonken v. Loving & Weintraub Inc.*, 22 F. Supp. 2d 86, 89 (S.D. N.Y. 1998) (Scheindlin, J.). *See Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 425, Fed. Sec. L. Rep. (CCH) P 95014 (2d Cir. 2008); *Cerasani v. Sony Corp.*, 991 F. Supp. 343 (S.D. N.Y. 1998) (Chin, J.)(judicial notice taken of plaintiff's criminal record).

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that Defendant's motion be denied in its entirety.

Dated: Brooklyn, New York
October 18, 2013

Respectfully submitted,

Levi Huebner & Associates, PC

By:_/ s / Levi Huebner_____
Levi Huebner (LH1360)
Newyorklawyer@msn.com
478 Malbone Street, Suite 100
Brooklyn, NY 11225
Telephone: (212) 354-5555

*Attorneys for Plaintiffs*

9