```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
GARY BEAUVIOR and HUSBENE
BEAUVIOR, on behalf of themselves
and all other similarly situated
customers,

                Plaintiffs,           MEMORANDUM AND ORDER
                                      No. 13-CV-01236 (FB) (RML)
        -against-

DAVID M. ISRAEL,

                Defendant.
---------------------------------------------------x
```

*Appearances*
*For the Plaintiffs:*             *For the Defendant:*
LEVI HUEBNER, ESQ.                MATTHEW J. BIZZARO, ESQ.
Levi Huebner & Associates, PC     L'Abbate, Balkan, Colavita & Contini, LLC
478 Malbone Street, Suite 100     1001 Franklin Avenue, 3rd Floor
Brooklyn, New York 11225          Garden City, New York 11530

**BLOCK, Senior District Judge:**

Gary and Husbene Beauvoir allege that David Israel violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), Israel moves to dismiss on the ground that he was not attempting to collect a "debt" within the meaning of the statute. For the following reasons, the motion is granted.

---

[1] Although the plaintiffs' last name is spelled "Beauvior" in the complaint, all agree that the correct spelling is "Beauvoir."

# I

The allegations of the complaint are brief.  The Beauvoirs allege that they received a letter dated April 23, 2012, from Israel.  In the letter, which is attached as an exhibit to the complaint, Israel identified himself as an attorney representing National Grid New York, the Beauvoirs' natural gas company.  He stated that his client had referred the matter to him "for purposes of collection of the debt in the amount set forth above, based upon the consumption of unmetered gas at [the Beauvoirs' residence.]" Compl., Ex. 1.[2]  Although the April 23rd letter advised the Beauvoirs of their right to dispute National Grid's claim, it did not advise them that they had thirty days to do so.  The Beauvoirs allege that the omission violated the FDCPA.  *See* 15 U.S.C. § 1692g(a).

With his motion to dismiss, Israel has submitted a copy of a state-court complaint filed by Natural Grid against the Beauvoirs.[3]  In that complaint, National

---

[2] Despite the reference, the letter did not include a specific amount due.

[3] Israel has submitted other documents that the Court cannot consider.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("For purposes of [Rule 12(b)(6)], the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (internal quotation marks and citations omitted)).  Court filings, however, are matters of which judicial notice may be taken, and are therefore appropriately considered on a motion to dismiss.  *See Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) ("[M]atters judicially noticed by the District Court are not considered matters outside the pleadings.")

Grid alleges that the Beauvoirs "diverted and consumed unmetered natural gas . . . by means of unlawfully tampering with [National Grid's] gas meter to impede, impair, obstruct and prevent the said meter from performing its recording function." Mot. to Dismiss, Ex. 3. The Beauvoirs deny that allegation.

## II

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5). "[A]t a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." *Beggs v. Rossi,* 145 F.3d 511, 512 (2d Cir. 1998). Beyond that pronouncement, the Second Circuit has not offered much guidance as to when a particular demand for payment qualifies as a "debt." The uniform rule in other circuits, however, is that the statute does not cover liability for theft and other torts. *See Fleming v. Pickard*, 581 F.3d 922, 926 (9th Cir. 2009) ("[W]e have little difficulty concluding that Defendants' cause of action against Plaintiffs for wrongful conversion does not, as a matter of law, constitute a debt for purposes of the FDCPA."); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) ("Because Hawthorne's alleged obligation to pay Mac Adjustment for damages arising out of an accident does not arise out of any consensual or business dealing, plainly it does not constitute a 'transaction' under the FDCPA."); *Bass v. Stolper, Koritzinsky,*

3

*Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) ("[A]lthough a thief undoubtedly has an obligation to pay for the goods or services he steals, the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services."). Agreeing with that line of reasoning, another district court in this circuit has held that "unauthorized reception of [cable service] constitutes theft, not a receipt of services giving rise to a 'debt.'" *Coretti v. Lefkowitz*, 965 F. Supp. 3, 5 (D. Conn. 1997). The Court similarly concludes that obtaining natural gas through meter tampering is theft and, as such, outside the scope of the FDCPA.

The Beauvoirs emphasize that they have denied National Grid's claim of theft. They are correct that the merits of that claim is not a matter for the Court to decide. *See Global Network Commc'ns, Inc. v. City of New York.* 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). But the Court need not determine whether the Beauvoirs are or are not actually liable to National Grid for theft. What matters in the context of an FDCPA claim is the asserted basis for the obligation to pay. Since the April 23rd letter and the state-court complaint make it clear that Israel was asserting an obligation to pay arising out of an alleged theft, the Court can decide the issue on a motion to dismiss.

## III

For the reasons set forth above, Isreal's motion to dismiss is granted and the complaint is dismissed.

**SO ORDERED.**

                 <u>/S/Frederic Block</u>
                 FREDERIC BLOCK
                 Senior United States District Judge

Brooklyn, New York
August 7, 2014