

Attorneys at Law
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Matthew J. Bizzaro
Associate
mbizzaro@lbcclaw.com

Writer's Direct Dial
(516) 837-7441

October 13, 2014

**VIA ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Beauvior, Gary et ano. v. Israel, David M.*
             Case No.    :    CV-13-01236
             Our File No.  :    566-97010

Dear Honorable Sir:

      Our office represents the defendant, David M. Israel, Esq. ("Defendant") in the above-referenced Fair Debt Collection Practices Act matter.

      This letter is written to respectfully request a pre-motion conference, at which time permission will be sought to: (i) file a motion pursuant to Local Civil Rule 6.3, seeking reconsideration and/or reargument of this Court's Order dated October 8, 2014, which granted the motion of plaintiffs, Gary Beauvoir and Husbene Beauvior ("Plaintiffs"), seeking an extension of time to file an appeal from this Court's previous Order dismissing their complaint, pursuant to Rule 4(a)(5) of the Federal Rules of Civil Procedure ("FRCP") (the "Order'); or in the alternative, (ii) allow Defendant an opportunity to serve opposition to Plaintiffs' motion, and have this Court render a subsequent, amended order pursuant to FRCP Rule 59.

      On October 7, 2014, Plaintiffs filed a motion seeking an extension of time to file a notice of appeal from the order of this Court, which properly dismissed the complaint pursuant to FRCP Rule 12(b)(6). In his declaration, Plaintiffs' counsel claims that his paralegal only noted the time Plaintiffs had to file a notice of appeal in his "Redbook," but failed to calendar the date in his "electronic calendar." Plaintiffs' attorney further alleges that the Redbook was damaged from flooding. In their motion, however, Plaintiffs do not state: (i) whether the alleged water damage rendered the page upon which the entry was written illegible; (ii) when the flooding occurred; or (iii) provide any evidence of the alleged flooding or water damage.

      In addition, Plaintiffs' counsel also states that his co-counsel "Mr. Poltorak," who has never filed a notice of appearance in this lawsuit, is ill and did not have notice of the deadline to file the

-2-

notice of appeal. Finally, Plaintiffs' attorney states that he first realized that an appeal had not yet been filed during a telephone conversation with me on October 6, 2014.

This Court granted Plaintiffs' motion the next day, before Defendant had an opportunity to submit opposition to same.

It is respectfully submitted that the foregoing excuses for not timely filing a notice of appeal, do not constitute "good cause" or "excusable neglect," as required under Rule 4(a)(5). In fact, the Second Circuit Court of Appeals has expressly denied requests for extensions of time to file a notice of appeal based upon very similar circumstances. *See, U.S. v. Hooper*, 43 F.3d 26 (2d Cir. 1994) (District court was within its discretion in finding that legal assistant's ignorance of the rule establishing a ten-day deadline for filing criminal appeals did not constitute "excusable neglect," justifying a late filing of defendant's appeal from his conviction of cocaine and firearm offenses); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501 (2d Cir. 1994) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules").

Factors to be considered in evaluating excusable neglect on a motion seeking an extension of time to appeal include: (1) the danger of prejudice to non-movant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of movant; and (4) whether the movant acted in good faith. *See, Silivanich v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003); *Redhead v. Conference of Seventh Adventists*, 360 Fed. Appx. 232 (2d Cir. 2010) ("Under the circumstances, plaintiff's counsel's blunder – even if an honest mistake – would not have substantiated 'excusable neglect,' because the rule governing the grant of an extension to file a notice of appeal is unambiguous").

The "good cause standard may be invoked where the cause for missing the deadline was entirely beyond the control of the moving party, for example, where the Postal Service fails to deliver a notice of appeal." *See, Tummino v. Hamburg*, 260 F.R.D. 27 (E.D.N.Y. 2009) ("While the contours of the good cause analysis under Rule 4(a) are less well-defined than the excusable neglect analysis, it clear that the facts and circumstances here do not amount to good cause for intervenor's delay").

Based upon the foregoing standards, along with the relevant decisions in the Second Circuit, the excuses set forth by Plaintiffs' counsel in his declaration do not constitute "good cause" or "excusable neglect."

In addition to the foregoing, Defendant would like the opportunity to respond to certain of the factual assertions set forth in Plaintiffs' attorney's declaration, including the relevant conversations had between the attorneys. Specifically, on August 8, 2014, I spoke with Plaintiffs' counsel about this Court's Order. At that time, Plaintiffs' counsel informed me that he intended on filing an appeal of the Order. Therefore, this is not a case where the attorney did not receive an order in a timely manner. Rather, Plaintiffs' counsel was aware of this Court's Order a day after it was issued, and



-3-

apparently, intended on filing the appeal at that time. As referenced above, failing to properly calendar the deadline and/or miscomprehension of the applicable Federal Rules, do not constitute "good cause or excusable neglect."

    Finally, it is worth noting that Plaintiffs failed to provide the name of the paralegal referenced in the declaration, or the full name of the "co-counsel" in this case. Perhaps more telling, is the fact that neither the paralegal or co-counsel submitted affidavits in support of Plaintiffs' application.

    Based upon the foregoing, it is respectfully requested that this Court schedule a pre-motion conference, at which time permission will be sought to file a motion seeking reconsideration and/or reargument of the Order; or in the alternative, that this Court permit Defendant the opportunity to serve opposition to Plaintiffs' motion, and render a subsequent, amended order pursuant to FRCP Rule 59.

    Thank you very much for your consideration of this request.

                                        Respectfully submitted,

                                        L'ABBATE, BALKAN, COLAVITA
                                            & CONTINI, L.L.P.

                                        Matthew J. Bizzaro

MJB:
cc: Levi Huebner, Esq. (via ECF)

